MEMORANDUM **
Chase and Kelsie Harper (“the Har-pers”) appeal the district court’s denial of their facial constitutional and state law challenges to the dress code and hate behavior policies that were in place during their time as high school students in the Poway Unified School District (“Poway” or “the School”).
We cannot adjudicate the Harpers’ claims for equitable and declaratory relief because they are moot. Both Chase and Kelsie Harper have graduated from Poway High School, and the School’s speech policies were significantly amended in February of 2008.[1] Equitable relief, therefore, would be ineffective. See Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir.1993). Because Cal. Educ.Code § 48950 provides only for injunctive and declaratory relief, the state law claim is moot, as well.
The only issue remaining, then, is the claim for nominal damages against the defendants in their individual capacities. Under these rather unusual circumstances, in which we are asked to award nominal damages on the basis of a school policy that is no longer in existence, we decline to reach the difficult substantive constitutional question at issue. Instead, we agree with the district court and conclude that the individual defendants are entitled to qualified immunity. See Pearson v. Callahan, — U.S.-, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). Given the present state of the law and the parameters of the specific policies challenged, it is not the case that “a reasonable official would understand that [the School’s policies] violate[ ]” the First Amendment. Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We therefore hold that those officials sued in their individual *542 capacities are entitled to qualified immunity-
The district court’s grant of summary judgment to defendants on the claims for equitable and declaratory relief is VACATED AS MOOT. The district court’s dismissal of the claims for nominal damages is AFFIRMED on the ground of qualified immunity.
VACATED IN PART; AFFIRMED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. For this reason, although we GRANT the motion for joinder of B.M., who is currently a student at Poway High School, his joinder does not save the equitable claims from mootness. If B.M. seeks to challenge the new policies, he must do so in a separate action, as such a challenge would present a different set of legal and factual issues.